IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

FILED-CLERK
U.S. DISTRICT COURT

2007 DEC 13  AM 10: 41

TX EASTERN-MARSHALL

| | | |
|---|---|---|
| EDMOND JOHNSON | § § § | |
| VS. | § § | CIVIL NO. 2-07CV-540<br>JURY DEMANDED |
| TEXAS COMMISSION ON<br>ENVIRONMENTAL QUALITY | § § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331. The jurisdiction of this Court is also invoked to secure protection of and to redress depravation of rights secured by 42 U.S.C. Section 2000e et. seq as amended by the Civil Rights Act of 1991, providing for relief against discrimination in employment and 42 U.S.C. Section 1981, as amended by the Civil Rights Act of 1991, providing for equal rights of all persons and every state and territory and the jurisdiction of the United States.

2. Venue is proper in the Court pursuant to 28 U.S.C. § 1391 in that the Plaintiff is a resident of the district, the Defendants are doing business in this district, and the activities giving rise to the Plaintiff's claim took place in this district.

3. The agency has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of Section 701 (b)(g)(h) of Title VII, 42 U.S.C. Section 2000e (b)(g)(h).

4. Since at least September 1, 2000, the agency has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of § 701 (b)(g)(h) of Title VII, 42 U.S.C. Section 2000e (b)(g)(h).

5. Within 300 days of the occurrence of the acts which Plaintiff complains, a charge of employment discrimination was filed with the Equal Employment Opportunity Commission

(EEOC) by Plaintiff herein on or about March 1, 2007, against the company.

6. On or about October 26, 2007, Plaintiff received a "Notice of Right to Suit" from the Dallas District office of the Equal Employment Opportunity Commission and a civil action is now instituted in the appropriate Federal District Court within ninety (90) days of the date the receipt of said notice.

## PARTIES

7  Plaintiff, EDMOND JOHNSON, JR., is an individual residing in Tyler, Smith County, Texas

8  Defendant, TEXAS COMMISSION ON ENVIRONMENTAL QUALITY, is a state agency located in Tyler, Smith County, Texas. Defendant may be served by delivering a copy of the Complaint to Glenn Shankle, Executive Director, at TCEQ, Building A, Room 328, 12100 Park Thirty Five Circle, Austin, Texas 78753.

## FACTS

9. Plaintiff, Edmond Johnson, is an African American employed by Defendant, Texas Commission on Environmental Quality (TCEQ), in Tyler, Texas. Mr. Johnson was employed by the Defendant from November 1, 1999, until February 27, 2007, as an Engineering Technician. Mr. Johnson was terminated after allegedly violating TCEQ policies. Specifically, Mr. Johnson was accused of misuse of state property after watching a movie during the lunch hour with another African-American co-worker. For approximately a year and a half prior to Mr. Johnson's termination, TCEQ employees watched movies during the lunch hour on TCEQ premises using state owned video equipment. The use of state property to watch movies by TCEQ employees was a regular activity, which was made know to TCEQ employees through the use of email. Mr. Johnson believes and therefore alleges that he was treated differently than other non African-American employees, and was thus discriminated against because of his race.

## CLAIM FOR RELIEF

10. At all times relevant hereto, Defendant has enacted and effected policies and practices of unlawful and systematic exclusion of and discrimination against Plaintiff, as an African-American

by *inter alia*:

   a. Failing to equalize conditions of employment for Plaintiff as contrasted with Caucasian employees; and

   b. Adopting unreasonable, unwarranted, and arbitrary standards and conditions of employment designed to discriminate against Plaintiff in favor of Caucasian employees.

11. Defendant's actions, as alleged herein violate 42 U.S.C. Section 2000e et. seq. as amended by the Civil Rights Act of 1991, providing for relief against discrimination in employment and 42 U.S.C. Section 1981, as amended by the Civil Rights Act of 1991.

## DAMAGES

12. Plaintiff would show the court that he has suffered actual damages for lost back wages, emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life as a direct result of Defendant's discriminatory employment practices described above.

13. Plaintiff would further show the court that he is entitled to recover punitive damages for Defendant's discriminatory employment practices described above which were intentional and malicious acts.

14. Plaintiff is entitled to recover his reasonable and necessary attorney's fees pursuant to 42 U.S.C. 2000e-5(k).

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that judgment be entered against Defendant and in favor of Plaintiff:

   a. Requiring that Defendant pay over to Plaintiff the actual, compensatory damages suffered by Plaintiff by reason of Defendant's illegal acts and practices, including adjusted pay, with interest, and additional amount as liquidated damages;

   b. Requiring Defendant pay to Plaintiff damages for mental distress, emotional pain and suffering, inconvenience and loss of enjoyment of life imposed upon Plaintiff through and as a result of the aforementioned discriminatory acts;

   c. Requiring Defendant to pay Plaintiff in the nature of punitive damages as a result of

Defendant's willful and malicious discrimination against Plaintiff; and

d. Requiring that Defendant pay to Plaintiff his attorney's fees and costs and disbursements incurred in the prosecution of this suit; and such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

William S. Hommel, Jr.
State Bar No. 09934250
William S. Hommel, Jr., P.C.
1402 Rice Road, Suite 200
Tyler, Texas 75703
(903) 596-7100
(903) 596-7464 Facsimile
bhommel@hommelfirm.com

ATTORNEY FOR PLAINTIFF