# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| EDMOND JOHNSON, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2-07CV-540 |
| | § | |
| TEXAS COMMISSION ON | § | |
| ENVIRONMENTAL QUALITY, | § | |
|     Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant's Motion to Transfer Venue (Dkt. # 5) and related briefing. After considering the filings of the parties and the applicable law, the court DENIES the Motion for the reasons expressed below.

**I.     Background**

On December 13, 2007, Plaintiff Edmond Johnson("Johnson") filed suit against Defendant Texas Commission on Environmental Quality ("TCEQ") alleging that the Defendant had terminated Johnson's employment in violation of 42 U.S.C. § 2000 and 42 U.S.C. § 1981. Plaintiff is a resident of Tyler, Texas. Defendant is a Texas state agency. The Plaintiff's termination occurred at the TCEQ's Region 5 offices in Tyler, Smith county, Texas. Defendant motions this court to transfer this case to the Tyler Division of the Eastern District of Texas.

**II.     Discussion**

"For the convenience of parties, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). It is within the district court's sound discretion whether to transfer venue under section 1404(a). *Mohamed v. Mazda Corp.*, 90 F. Supp. 2d 757, 768 (E.D. Tex. 2000). When considering whether

to transfer venue, the district court "must exercise its discretion in light of the particular circumstances of the case." *Hanby v. Shell Oil Co.*, 144 F. Supp. 2d 673, 676 (E.D. Tex. 2001); *In re Triton Ltd. Sec. Litig.*, 70 F. Supp. 2d 678, 688 (E. D. Tex. 1999) (stating that district courts have the discretion to decide whether to transfer venue according to "individualized, case-by-case consideration of convenience and fairness").

When deciding whether to transfer venue, the court balances private and public interest factors. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). The private factors are the following: (1) the plaintiffs' choice of forum; (2) the convenience of the parties and material witnesses; (3) the place of the alleged wrong; (4) the cost of obtaining the attendance of witnesses and the availability of the compulsory process; (5) the accessibility and location of sources of proof; and (6) the possibility of delay and prejudice if transfer is granted. *Mohamed*, 90 F. Supp. 2d at 771. The public interest factors involve the following: (1) the administrative difficulties caused by court congestion; (2) the local interest in adjudicating local disputes; (3) the unfairness of burdening citizens in an unrelated forum with jury duty; and (4) the avoidance of unnecessary problems in conflict of laws. *Id.* The moving party bears the burden of demonstrating that venue should be transferred to another forum. *Hanby*, 144 F. Supp. 2d at 676. To meet this burden, the moving party must show that "good cause" exists to transfer the case. *In re Volkswagen of Am., Inc.*, 506 F.3d 376, 384 (5th Cir. 2007). "[T]o show good cause means that a moving party must demonstrate that a transfer is 'for the convenience of parties and witnesses, in the interest of justice.'" *Id.* (citations omitted).

### 1. Private Factors

#### a. Plaintiff's Choice of Forum

The plaintiff's choice of forum is neither controlling nor determinative, but is still a factor to be considered. *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003). The plaintiff's choice of forum, however, will not be disturbed unless it is clearly outweighed by other factors. *Shoemake v. Union Pac. R.R. Co.*, 233 F. Supp. 2d 828, 830 (E.D. Tex. 2002). Plaintiff Johnson, although a resident of Tyler, Texas, chose to bring his suit in the Marshall Division. Plaintiff's choice of forum is entitled to deference. *See In re Volkswagen*, 506 F.3d at 384. Therefore, this factor weighs against transfer.

#### b. The Convenience of the Parties and the Witnesses

The court will first assess the convenience of the parties. However, the convenience of the parties is accorded less weight in a transfer analysis than the convenience of non-party witnesses. *Shoemake*, 233 F. Supp. 2d at 832. The Plaintiff resides in Tyler, Texas and most of the Defendant's employees relevant to this case are located in Tyler, Texas. However, the difference in distance necessary for the parties to travel to either the Tyler Division or the Marshall Division is negligible. Accordingly, the convenience of the parties is a neutral factor with respect to transfer.

The court now considers the convenience of the witnesses. Courts regularly consider whether "key fact witnesses" will be substantially inconvenienced if the court should deny transfer. *Mohamed*, 90 F. Supp. 2d at 774. Further, the convenience of non-party witnesses weighs more heavily in favor of transfer than the convenience of party witnesses. *Shoemake*, 233 F. Supp. 2d at 832. This case involves claims of wrongful termination arising from events that occurred at the Defendant's offices. In cases such as this, any of the Plaintiff's former coworkers who may be

called to testify will likely be Defendant's own employees rather than non-party witnesses. For non-party witnesses who may be summoned, the difference in distance necessary for the them to travel to either the Tyler Division or the Marshall Division is negligible. The threshold in determining if the factor of inconvenience to witnesses should be given significant weight is 100 miles. *See In re Volkswagen*, 506 F.3d at 386 ("When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled."). Therefore, in the court's view, the convenience of non-party witnesses a neutral factor with respect to transfer.

  c. <u>The Place of the Alleged Wrong</u>

The events giving rise to the plaintiff's claims of wrongful termination occurred in Tyler, Smith County, Texas, which is in the Tyler Division. The court finds that this factor weighs in favor of transfer.

  d. <u>The Cost of Obtaining the Attendance of Witnesses and the Availability of Compulsory Process</u>

Since both divisions are located in the Eastern District of Texas, the cost of obtaining the attendance of witnesses and the availability of compulsory process will be the same in either the Tyler Division or the Marshall Division. Accordingly, this factor is neutral as to transfer.

  e. <u>The Availability and Location of Sources of Proof</u>

Plaintiff contends that any records relevant to the events at issue are located in Tyler, Texas, or in Austin, Texas. The court is persuaded that the documentary evidence could be transported easily from Austin or Tyler to the Marshall Division. Thus, this factor is neutral.

  f. <u>The Possibility of Delay and Prejudice if Transfer is Granted</u>

The Fifth Circuit has suggested that this factor may be relevant in a transfer analysis "only in rare and special circumstances and when such circumstances are established by clear and convincing evidence." *Shoemake*, 233 F. Supp. 2d at 834 (citing *In re Horseshoe Entm't*, 305 F.3d 354, 358 (5th Cir. 2002)). This is not a rare and exceptional case; therefore, this factor is neutral.

### 2. Public Interest Factors

#### a. The Administrative Difficulties Caused by Court Congestion

Neither the plaintiff nor the defendants address this factor in detail. The court is unaware of any administrative difficulties that would arise from transferring or retaining this case. Therefore, the court finds this factor is neutral as to transfer.

#### b. The Local Interest in Adjudicating Local Disputes and the Unfairness of Burdening Citizens in an Unrelated Forum with Jury Duty

Johnson was employed by TCEQ as an Engineering Technician at the Regional offices of TCEQ that are responsible for an area that includes the Marshall Division. The citizens of the entire Eastern District have an interest in adjudicating issues of race discrimination in employment with respect to a person who was employed in the Eastern District. This factor is neutral as to transfer.

#### c. The avoidance of unnecessary problems in conflict of laws

Both the Tyler and Marshall Divisions are capable of applying the relevant United States law to the plaintiff's claims of wrongful discharge. Therefore, this factor is neutral as to transfer.

## III. Conclusion

Upon application of the section 1404(a) factors to this case, the court has exercised its discretion and has concluded that a transfer to the Tyler Division is not warranted. The court

5

finds that the competing factors do not justify disturbing the plaintiff's choice of forum. The court, therefore, DENIES Defendant's Motion for Change of Venue.

SIGNED this 10th day of September, 2008.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE